Filed 3/3/16  P. v. Fowler CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AMBER NICOLE FOWLER,<br><br>    Defendant and Appellant. | F070741<br><br>(Fresno Super. Ct. No. F13902071)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

## INTRODUCTION

Defendant/appellant Amber Nicole Fowler pled no contest to a violation of Health and Safety Code[1] section 11359. Defendant filed a notice of appeal, stating the appeal challenges the sentence or other matters that do not affect the validity of the plea, and no certificate of probable cause was issued. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant was pulled over by police on February 20, 2013, around 10:17 p.m. for using her cell phone while operating a motor vehicle. The officer smelled a strong odor of marijuana coming from the vehicle. Defendant denied having anything illegal and consented to a search of the vehicle; an additional officer was requested to be present.

The search uncovered a baggie of marijuana, a small jar of marijuana, and a small container of concentrated cannabis in defendant's purse in the back seat. In the front seat, inside a larger purse was a green container of prescription pills, which defendant stated were Xanax and Norco. In the trunk, were several mason jars of marijuana and paraphernalia used to manufacture concentrated cannabis, along with a small purse containing a baggie of methamphetamine; the methamphetamine was 0.538 net grams. The total weight of the marijuana recovered was 186.925 net grams of marijuana in various containers, and 56.038 gross grams of concentrated marijuana. In addition, $1,257 in cash was found on defendant's person. Several text messages on defendant's cell phone appeared to be related to drug sales.[2]

---

[1] All further statutory references are to the Health and Safety Code unless otherwise specified.

[2] We note that a search incident to an arrest does not constitute authorization to search digital data in an arrestee's cell phone. (*Riley v. California* (2014) 573 U.S. ___ [134 S.Ct. 2473, 2493–2494].) Defendant did not raise this issue below, and there was additional evidence, independent of the text messages, which provided a factual basis for the plea.

Defendant was placed under arrest and transported to the Clovis Police Department for processing. Once there, defendant was advised of her rights and admitted owning all of the drugs found in her vehicle. She stated she bought the methamphetamine earlier that day, then went to another dealer to purchase the marijuana. The marijuana in the trunk came from a third dealer, and the prescription pills found were from a friend. Defendant indicated she had begun manufacturing concentrated cannabis about two or three weeks prior to the arrest. She claimed she didn't "necessarily" sell drugs, but acknowledged she let friends know when she had drugs so they could buy from her. Defendant claimed the money, however, was not from drug sales but was an income tax refund.

On July 30, 2013, an information was filed charging defendant with possession of marijuana for the purpose of sales, a violation of section 11359; possession of concentrated cannabis, a violation of section 11357; and possession of methamphetamine, a violation of section 11377. On August 7, 2013, defendant was arraigned. A copy of the information was given to her and she pled not guilty to all three counts.

On May 22, 2014, defendant was in court with her defense counsel and entered a change of plea. She entered a plea of no contest to the count 1 offense, possession of marijuana for the purpose of sales. In exchange for her plea, the People agreed to dismiss the other two counts and to a sentence that called for 45 days on the Adult Offender Work Program and no state prison time.

A Felony Advisement, Waiver of Rights, and Plea Form AB109, was signed by defendant. Defendant initialed the boxes indicating she was pleading no contest to a violation of section 11359; understood and was waiving her constitutional rights; understood the consequences of her plea, including a maximum possible sentence of three years and section 11590 registration; and acknowledged a factual basis for the plea.

At the May 22 hearing, the trial court specifically inquired of defendant if she had gone over the change of plea form with her attorney and if she had had sufficient time to

3.

discuss the change of plea with her attorney. Defendant responded affirmatively to both questions. After asking defendant if she understood her constitutional rights, was waiving those rights, and understood the consequences of her plea and receiving affirmative responses, the trial court inquired if defendant had "any questions." Defendant's only questions related to return of the property seized when she was arrested. Defendant's attorney also verified that she had gone over the change of plea form with defendant and was satisfied that defendant understood the form.

The trial court then proceeded to accept the plea to the count 1 offense, possession of marijuana for the purpose of sale, and the other charges were dismissed on motion of the People. Defendant was ordered to report to the probation office prior to sentencing. Defendant failed to report to probation as ordered.

Defendant was brought before the trial court on August 4, 2014, and was ordered, again, to report to the probation office and to appear at the sentencing hearing on September 16, 2014. Defendant failed to appear for sentencing and a bench warrant was issued.

At the October 10, 2014, continued sentencing hearing, it was reported that defendant had been picked up on the bench warrant, but was released from the jail for overcrowding. Defendant failed to appear at the hearing and a no-bail bench warrant was issued.

On October 23, 2014, defendant was present with her attorney at the continued sentencing hearing. Defendant asked to withdraw her plea stating, "I realized that the felony I was pleading guilty to was for drug sales." Defendant also stated, "I wanted back the supposed drug sales money, which in fact is my income tax money, so I don't understand why the felony drug charge, why that would apply to me."

The trial court reminded defendant that the court had made inquiry of her at the change of plea hearing, and defendant affirmed that she had sufficient time to confer with her counsel, understood the plea, and the consequences of the plea. Defendant agreed

4.

that she had so stated to the trial court but stated, "I basically was given the ultimatum from how it was worded that if I tried to fight the case, I most likely would end up in prison." The trial court denied the request to withdraw the plea, reaffirming that defendant had knowingly, intelligently, and voluntarily entered into the change of plea.

The trial court imposed sentence in accordance with the plea. Imposition of judgment was suspended for two years; defendant was placed on formal probation for two years, subject to 45 days in the Adult Offender Work Program, and various other terms and conditions were imposed.

On December 17, 2014, defendant through her attorney filed a notice of appeal, stating the appeal was from the sentence or other matters not affecting the plea. On December 23, 2014, defendant herself filed a notice of appeal. This notice of appeal also stated that it was from the sentence or other matters not affecting the plea, however, defendant also requested a certificate of probable cause. No certificate of probable cause was issued.

Appellate counsel was appointed on February 29, 2015. Appellate counsel filed a *Wende* brief on April 7, 2015. This court issued its letter to defendant, informing her of the right to file a supplemental brief, on April 7, 2015. No supplemental brief has been filed.

## DISCUSSION

The evidence provided a factual basis for the plea, including defendant's own admissions, the quantity of marijuana recovered, and the paraphernalia used for manufacturing concentrated cannabis.

Withdrawal of a guilty or no contest plea is at the discretion of the trial court; a denial of a motion to withdraw a plea will not be disturbed on appeal absent a showing of abuse of discretion. (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.) No abuse of discretion appears from the record. Defendant was represented by and consulted with

5.

counsel prior to entering her plea and affirmatively represented she understood the plea and the consequences of the plea.

Defendant was sentenced in accordance with the terms of the plea agreement. That defendant felt pressured to enter into a plea agreement, instead of face a prison term, does not constitute grounds to set aside a plea. Defendant was under no more, or less, pressure than any defendant facing felony charges and the offer of a plea bargain. (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208.)

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.